**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**NOTE FAMILY, INC.,**

**Plaintiff,**

vs.

**VIVENDI UNIVERSAL GAMES, INC.,**

**Defendant.**                                                                    **No. 05-126-DRH**

**ORDER**

**HERNDON, District Judge:**

### I.  Introduction

Now before the Court are two motions: 1) Plaintiff's motion for partial summary judgment (Doc. 35) and 2) Defendant's motion for summary judgment (Doc. 36). For the following reasons, Plaintiff's motion for partial summary judgment (Doc. 35) is **GRANTED** and Defendant's motion for summary judgment (Doc. 36) is **GRANTED**.

### II.  Background

Plaintiff Note Family, Inc. ("Plaintiff") designs and manufactures products to help elementary school children learn about music. Plaintiff began selling its products in the mid-1980s. The products are mainly designed to be used by music educators. Plaintiff registered the trademark[1] "**Land of Music**" with the

---

[1] The **Trademark Act of 1946 (Lanham Act), 60 Stat. 427, as amended, 15 U.S.C. § 1051 *et seq.*** defines a trademark to include "any word, name, symbol, or

United States Patent and Trademark Office ("PTO") on August 18, 1992.[2]  The mark "Land of Music" is for "educational support materials for the teaching of music and music theory to children; namely, books, workbooks, printed sheet music, teaching manuals, and audio and audio visual cassettes sold as a unit." (Doc. 35, Ex. 1.)  On May 28, 1998, Plaintiff filed paperwork with the PTO to establish incontestability of the registration. On September 10, 1998, the PTO sent a notice to Plaintiff acknowledging receipt of the paperwork.  The notice states, "Your request fulfills the statutory requirements and has been accepted." (*Id.*)

On February 23, 2005, Plaintiff filed a Complaint against Defendant Vivendi Universal Games, Inc. ("Defendant") alleging trademark infringement, unfair competition, and dilution. (Doc. 1.)  Specifically, Plaintiff claims that Defendant has appropriated "Land of Music" "for use in connection with goods and services identical or substantially identical to Plaintiff's Goods and Services." (*Id.*) On September 22, 2006, Plaintiff filed a motion for partial summary judgment (Doc. 35) seeking an order finding that Plaintiff owns a protectable trademark for "Land of Music."  Defendant responded in opposition. (Doc. 43.)  That same day, Defendant filed a motion for summary judgment (Doc. 36), which argued that Defendant should be granted summary judgment because, among other things,

---

device or any combination thereof adopted and used by a manufacturer or merchant to identify his goods and distinguish them from those manufactured or sold by others." **§ 45, 15 U.S.C. § 1127**.

[2] The trademark is registered with the PTO under registration number 1,709,325.

Defendant does not use "Land of Music" as a trademark, it is entitled to the fair use defense, and Plaintiff has failed to meet its burden of showing likelihood of confusion.

### III.  Legal Standard for Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Oats v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997)** (citing *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986)**).  The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997)** (citing *Celotex*, **477 U.S. at 323**).  In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. *Celex Group, Inc. v. Executive Gallery, Inc.*, **877 F. Supp. 1114, 1124 (N.D. Ill. 1995) (Castillo, J.)**.  The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant.  *Regensburger v. China Adoption Consultants, Ltd.*, **138 F.3d 1201, 1205 (7th Cir. 1998)** (citing *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986)**).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings.  Rather, she must show through

specific evidence that an issue of fact remains on matters for which she bears the burden of proof at trial. ***Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd,* **51 F.3d 276** (citing ***Celotex*, 477 U.S. at 324**). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson*, 477 U.S. at 249-50** (citations omitted); *accord* ***Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996)**; ***Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**. "[Nonmovant's] own uncorroborated testimony is insufficient to defeat a motion for summary judgment." ***Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 939 (7th Cir. 1997)** . Further, the non-moving party's own subjective belief does not create a genuine issue of material fact. ***Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997)**.

### IV. Plaintiff's Motion for Partial Summary Judgment (Doc. 35)

To prove trademark infringement, a party must establish 1) ownership of a protectable mark; and 2) likelihood of confusion. ***Eli Lilly & Co. V. Natural Answers, Inc.*, 233 F.3d 456, 461 (7th Cir. 2000).** Plaintiff is seeking partial summary judgment only on the first element: ownership of a protectable mark.

#### A. Incontestability

Under the Lanham Act "the right of the registrant to use such registered mark in commerce for the goods or services in or in connection with

which such registered mark has been in continuous use for five consecutive years subsequent to the date of such registration and is still in use in commerce, shall be incontestable." **15 U.S.C. § 1065**. Exceptions and defenses to incontestability are enumerated in **sections 1115, 1064** and **1065**. When a mark becomes incontestable under **section 1065**, "the registration shall be conclusive evidence of the validity of the registered mark and of the registrations of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." **15 U.S.C. § 1115(b)**.

Plaintiff argues that it owns a trademark registration for the mark "Land of Music" and that since it complied with the provisions of **15 U.S.C. § 1065** (to re-register mark after continuous use for 5 years) the mark has become incontestable.

### B. Defenses

Defendant raises two defenses to Plaintiff's assertion that its mark, "Land of Music," is incontestable. First, Defendant argues that Plaintiff has abandoned its mark "Land of Music" by failing to use the mark as a distinctive source identifier. Defendant argues that instead of using the trademarked phrase solely to identify the source or origin of Plaintiff's products, Plaintiff uses the phrase "the Land of Music" to refer to the place within its product. By using the mark so broadly, Defendant contends, Plaintiff has abandoned the mark; Defendant further argues that this abandonment should result in the mark's cancellation.

The **Lanham Act** provides that a mark shall be considered abandoned if either of the following occurs:

> (1) When its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Nonuse for 3 consecutive years shall be prima facie evidence of abandonment. "Use" of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark.
>
> (2) When any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark. Purchaser motivation shall not be a test for determining abandonment under this paragraph.

**15 U.S.C. § 1127**. Defendant suggests that Plaintiff's use of the phrase "the Land of Music" demonstrates that Plaintiff has abandoned its trademark in "Land of Music." However, Defendant cites no case to support the proposition that one abandons its trademark if it uses the phrase to both identify the source of the product, as well as, to describe an item within the product. The definition of "abandonment" does not suggest such a broad reading.

The Court does not believe that Plaintiff has abandoned the mark "Land of Music" as prescribed by S**ection 1127**. Although it is certainly true that Plaintiff utilizes the phrase "the Land of Music" throughout its educational materials, it is very clear that Plaintiff has continuously utilized the mark "Land of Music" to identify the source of the products. (See Doc. 48, Exhibits 17, 17A, 17B, and 17C.) Often times, the products are identified as Land of Music® - but there

are also times when the phrase is preceded by a "The" so that it appears as "The Land of Music®". The Court does not believe that the occasional addition of "the" before the mark constitutes abandonment of the mark as described in **Section 1127(1)** - especially when it is used to refer to a fictional, mythical place described within the product.

Defendant further argues that Plaintiff's mark should be cancelled because the PTO should have never granted it in the first place based upon the materials submitted by Plaintiff in support of its original registration application and again when it was seeking to make the mark incontestable. (Doc. 38, Exhibits F and G.) The specimens submitted in support of Plaintiff's application are photographs of Plaintiff's materials. The photographs show that the products are entitled "The Land of Music®". Defendant contends that "[t]hese are all descriptive uses and did not - and do not - support trademark incontestability or renewal." (Doc. 43, p. 3.) Based on this argument, Defendant has filed a petition to cancel Plaintiff's mark with the PTO.

Clearly the PTO originally accepted Plaintiff's examples of its use of the mark in commerce. While an mark may be cancelled at any time if it becomes generic (even if it is incontestable), the United States Supreme Court has held that the "language of the Lanham Act . . . refutes any conclusion that an incontestable mark may be challenged as merely descriptive . . . . Mere descriptiveness is not recognized by either § 15 or § 33(b) as a basis for challenging an incontestable mark." ***Park 'N Fly v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 196 ( 1985).**

Defendant has never contended that "Land of Music" is a generic term. At this point, Plaintiff's mark is incontestable and cannot be challenged on the basis that it is merely descriptive. The burden is on Defendant to overcome the presumption that a registered trademark is not generic. ***Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.3d 934, 936-37 (7th Cir. 1986).** Defendant has failed to do so. Therefore, Plaintiff's motion for partial summary judgment is **GRANTED**. (Doc. 35.)

### V. Defendant's Motion for Summary Judgment (Doc. 36)

Although the Court has determined that Plaintiff's "Land of Use" is an incontestable mark, the inquiry does not stop there. As discussed above, to prevail on a claim of trademark infringement, a plaintiff must establish that it owns a protectable mark and that the Defendant's use of the mark is likely to cause confusion among consumers. ***Eli Lilly & Co.*, 233 F.3d at 461**.

Defendant first argues that its use of the phrase "the Land of Music" is protected as "fair use" because it does not use the phrase as a trademark, but rather uses it only in a non-trademark, descriptive way. Second, Defendant posits that Plaintiff's mark is merely descriptive and that Plaintiff cannot prove likelihood of confusion. Lastly, Defendant contends that Plaintiff itself uses the term only descriptively and, therefore, cannot bar others from doing the same. For all of these reasons, Defendant maintains that Defendant should be granted summary judgment.

Plaintiff responds that summary judgment is rarely proper in trademark infringement cases. However, the Seventh Circuit has held that

> In a trademark infringement case, the classification of a word or phrase as descriptive, the determination that a defendant's use was a non-trademark use in good faith, and the finding that consumers are not likely to be confused about the origin of a defendant's products are questions of fact. Nevertheless, these issues may be resolved on summary judgment 'if the evidence is so one-sided that there can be no doubt about how the question should be answered.'

***Packman v. Chicago Tribune Co.*, 267 F.3d 628, 637 (7th Cir. 2001)**. In the present case, the Court finds that the evidence is, in fact, so clear that summary judgment is appropriate.

### A. Fair Use Defense

Defendant argues that its use of "the Land of Music" constitutes "fair use." Under the **Lanham Act** use of a trademark may be defended as a "fair use" as follows:

> That the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of the party's individual name in his own business, or of the individual name of anyone in privity with such party, or of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin;

**15 U.S.C. § 1115(b)(4)**. To succeed on the fair use defense, Defendant must demonstrate that: 1) it used "the Land of Music" in a non-trademark use; 2) the phrase is descriptive of the goods or services; and 3) it used the phrase "fairly and

in good faith" only to describe its goods and services. ***Packman*, 267 F.3d at 639**. Defendant has "no independent burden to negate the likelihood of any confusion in raising the affirmative defense that a term is used descriptively, not as a mark, fairly, and in good faith." ***KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 124 (2004).**

### 1. Non-Trademark Use

Having reviewed the exhibits, the Court does not believe there is any credible evidence that Defendant used the phrase "Land of Music" as a trademark; in other words, there is no evidence that Defendant used the phrase to identify the source of its products. It is very clear from the packaging that Defendant uses its own trademark, JumpStart Music to identify the source of its products. The logo is prominently displayed on the packaging and the words "Land of Music" do not even appear on the front of Defendant's products. (Doc. 38, Exhibits X, Y.) The Court agrees that Defendant only employed the phrase in a non-trademark use.

### 2.  Phrase Used Descriptively

While the Court finds that Plaintiff's mark – "Land of Music" – is a descriptive mark, the Court also believes that the phrase can be used in a merely descriptive way to describe an ingredient (a mythical land) of the products sold by *both* Plaintiff and Defendant. Defendant does not attempt to use "the Land of Music" to describe the source of the product. The Court finds that Plaintiff may not preclude others from using the phrase, as long as others are not using it in a trademark way.

***Packman*, 267 F.3d at 641-42.**

### 3. Phrase Used in Good Faith

The Court does not believe there is any credible evidence that Defendant did not use the phrase in good faith. It is clear to the Court that the products sold by Plaintiff and Defendant were marketed toward entirely different audiences. Plaintiff markets and sells it products primarily to music educators and home schoolers in catalogues, music education trade shows, online, and certain music retailers in the St. Louis area, a music store in Texas, and one retail outlet in New Jersey. (Doc. 46, ¶ 8.) Plaintiff's core curriculum sells for between $297.97 and $397.97 per unit. The entire classroom kit costs $1,569.00. (Doc. 38, ¶ 9.) Defendant, on the other hand, markets and sells its product to the general public for home use. Its products are sold at large retail outlets nationwide and online. (Doc. 38, ¶ 2.) Defendant's product sells for between $19.99 and $29.99. (Doc. 38, ¶ 17.) Clearly, Plaintiff and Defendant are targeting entirely different audiences. There is no evidence that Defendant attempted to cash-in on any goodwill generated by Plaintiff in its use of the phrase "the Land of Music." Furthermore, there is no evidence that Defendant attempted to mislead consumers by displaying the phrase more prominently than its own trademark, JumpStart.

For all of these reasons, the Court finds that Defendant's use of "the Land of Music" was a non-trademark use, in good faith, to describe a characteristic of its goods. Defendant's fair use defense prevails. Accordingly, the Court **GRANTS**

Defendant's motion for summary judgment. (Doc. 36.)

### B.  Likelihood of Confusion

In addition, although not necessary to granting Defendant's motion for summary judgment, the Court also finds that Plaintiff's have failed to prove that Defendant's non-trademark use of the phrase "the Land of Music" would cause any confusion among consumers as to the source of the two products.  "A trademark, even a registered one, is not a property right, like a copyright or patent, but merely an identifier of source.  Others can use the same mark to identify their product, provided there is not likelihood of confusion, which would impair the trademark's function as an identifier." ***Door Systems, Inc. v. Pro-Line Door Systems, Inc.*, 83 F.3d 169, 173 (7th Cir. 1996) (citations omitted)**.  The Court finds that not only did Defendant not use the phrase in a trademark way, but that its distinct packaging and the prominent display of its own trademark, belies the assertion that there is any likelihood of confusion.  Furthermore, Plaintiff has failed to proffer sufficient evidence of actual confusion.  Plaintiff asserts that there were nine instances of people confusing its products with Defendant's product, but it is not even clear whether these people were consumers.  Furthermore, Plaintiff has offered only two consumers who allege confusion.  This is insufficient: "plaintiff's evidence that two consumers (out of how many thousands?) May have been misled cannot by itself be thought to create a contestable issue of likelihood of confusion. . . ."  Therefore, Defendant's motion for summary judgment is granted on this alternative ground.

## VI. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for partial summary judgment (Doc. 35), but also **GRANTS** Defendant's motion for summary judgment (Doc. 36). Based on granting Defendant's motion for summary judgment, the Court dismisses this matter with prejudice. The Clerk will prepare the judgment.

**IT IS SO ORDERED**.

Signed this 4th day of September, 2007.

/s/     DavidRHerndon
**United States District Judge**
